# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:13-CR-00086-KDB-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| WILLIAM SHALON LINEBARGER, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's letter docketed as "Motion to Modify Sentence." (Doc. No. 43). In 2014, Defendant pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine base and this Court sentenced him to 63 months of imprisonment. According to Defendant, he was subsequently sentenced in state court. By his letter, Defendant asks the Court to recommend that his federal sentence run concurrent to his state sentence.

This Court's Judgment is silent as to whether his federal sentence is to be served consecutively or concurrently with his state sentence. Pursuant to *Setser v. United States*, 566 U.S. 231, 236-37 (2012), a federal district court has the discretion to order a defendant's sentence to run concurrently or consecutively to an anticipated but not yet imposed state sentence. But this Court and others have held that "there is no basis to conclude that the decision in *Setser* would authorize post-judgment modification of a sentence by this Court. Indeed, the decision in *Setser* contemplates that post-judgment adjustments, if necessary, will be addressed by the Bureau of Prisons." *United States v. Short*, No. 1:08-CR-446, 2014 WL 645355, at *1 (M.D.N.C. Feb. 18, 2014); *see also United States v. Love*, No. 3:18-CR-00178-MOC-DSC, Doc. No. 49 (Aug. 28, 2020). "There will often be late-onset facts that materially alter a prisoner's position and that make

it difficult, or even impossible, to implement his sentence. This is where the Bureau of Prisons comes in—which ultimately has to determine how long the District Court's sentence authorizes it to continue [Defendant's] confinement. [Defendant] is free to urge the Bureau to credit his time served in state court . . . . If the Bureau initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program. And if that does not work, he may seek a writ of habeas corpus." *Setser*, 566 U.S. at 244 (internal citations omitted).

The Attorney General (not the sentencing court) is responsible for computing a prisoner's credit. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (explaining that the Attorney General, through the BOP, and not the sentencing court, calculates credit for time served). As *Setser* recognizes, a prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the BOP. Only after such administrative remedies have been exhausted can a prisoner then seek judicial review of his sentence computation. *Id.* Because "[a] claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself," *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989), such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a).

**IT IS THEREFORE ORDERED** that Defendant's letter docketed as "Motion to Modify Sentence," (Doc. No. 43), is **DENIED.**

Signed: July 27, 2021

Kenneth D. Bell
United States District Judge